**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF NEW YORK**
_____

JOSEPH JAMARD REID,

                               Plaintiff,

      - v -                                             Civ. No. 9:18-CV-44
                                                                 (BKS/DJS)

C.O. RUSSELL, *et al.*,

                               Defendants.
_____

**APPEARANCES:**                                        **OF COUNSEL:**

JOSEPH JAMARD REID
Plaintiff, *Pro Se*
Clark's Thomas Men's Shelter
121 Hell Gate Circle
New York, New York 10035

HON. LETITIA JAMES                            JOSHUA E. McMAHON, ESQ.
Attorney General of the State of New York       Assistant Attorney General
Attorney for Defendants
The Capitol
Albany, New York 12224

**DANIEL J. STEWART**
**United States Magistrate Judge**

## REPORT-RECOMMENDATION AND ORDER

*Pro se* Plaintiff Joseph Reid brought this action, pursuant to 42 U.S.C. § 1983, alleging that Defendants violated his civil rights. Presently pending is Defendants' Motion to Dismiss the Complaint, pursuant to FED. R. CIV. P. 41(b), based on Plaintiff's failure to prosecute. Dkt. No. 81. Plaintiff has not filed a response to the Motion. For the reasons which follow, the Court recommends that the Motion to Dismiss be granted.

## I. DEFENDANTS' MOTION TO DISMISS UNDER FED. R. CIV. P. 41

Rule 41(b) of the Federal Rules of Civil Procedure provides that a court may, in its discretion, dismiss an action based upon the failure of a plaintiff to prosecute an action, or to comply with the procedural rules or orders of the court. FED. R. CIV. P. 41(b); *see Link v. Wabash R.R. Co.*, 370 U.S. 626 (1962). This power to dismiss may be exercised when necessary to achieve orderly and expeditious disposition of cases. *See Freeman v. Lundrigan*, 1996 WL 481534, at *1 (N.D.N.Y. Aug. 22, 1996). The correctness of a dismissal pursuant to Rule 41(b) is determined in light of five factors: (1) whether plaintiff's failure to prosecute or to comply with the court's orders or procedural rules caused a delay of significant duration; (2) whether plaintiff was on notice that failure to prosecute or to comply would result in dismissal; (3) whether the defendant is likely to be prejudiced by further delay; (4) a balancing of the court's interest in managing its docket with the plaintiff's interest in receiving a fair chance to be heard; and (5) whether the judge has adequately considered a sanction less drastic than dismissal. *Lewis v. Rawson*, 564 F.3d 569, 576 (2d Cir. 2009); *Lucas v. Miles*, 84 F.3d 532, 534-35 (2d Cir. 1996). In making use of this test, "[n]o one factor is dispositive, and ultimately we must review the dismissal in light of the record as a whole." *United States ex rel. Drake v. Norden Sys., Inc.*, 375 F.3d 248, 254 (2d Cir. 2004).

In this District, all litigants have an ongoing obligation to keep their address information updated with both the Court and adversaries. N.D.N.Y.L.R. 10.1(c)(2) ("**All attorneys of record and *pro se* litigants must immediately notify the Court of any change of address**." (emphasis in original)). A party's failure to provide such information

is grounds for dismissal. N.D.N.Y.L.R. 41.2(b). As then-District Judge Pooler has observed:

> It is neither feasible nor legally required that the clerks of the district courts undertake independently to maintain current addresses on all parties to pending actions. It is incumbent upon litigants to inform the clerk of address changes, for it is manifest that communications between the clerk and the parties or their counsel will be conducted principally by mail. In addition to keeping the clerk informed of any change of address, parties are obliged to make timely status inquiries. Address changes normally would be reflected by those inquiries if made in writing.

*Dansby v. Albany Cty. Corr. Facility Staff*, 1996 WL 172699, at *1 (N.D.N.Y. Apr. 10, 1996) (citations omitted). Indeed, courts in the Northern District of New York have dismissed lawsuits brought by *pro se* plaintiffs for failure to provide a current address. *See Rivera v. Goord*, 1999 WL 33117155 (N.D.N.Y. Sept. 14, 1999); *Fenza v. Conklin*, 177 F.R.D. 126 (N.D.N.Y. 1998); *Williams v. Faulkner*, 1998 WL 278288 (N.D.N.Y. May 20, 1998). The Court has not had any communication from Plaintiff since August 2019. Dkt. No. 74. Since that time all mail sent by the Court to Plaintiff's last address of record has been returned as undeliverable. Dkt. Nos. 79, 80, & 83. Defendants' attempts to contact Plaintiff have also resulted in their notices to him being returned as undeliverable. Dkt. No. 81-1, McMahon Decl. at ¶¶ 9, 11, & 16. As a result, the Court has no means by which to effectively communicate with him. The Court finds that this period of noncompliance with the requirement that he notify the Clerk's Office and Defendant of his current address is itself a basis for dismissal. *Fenza v. Conklin*, 177 F.R.D. at 127.

Consideration of the standards articulated in *Lewis* and *Lucas* further supports granting this Motion. Plaintiff's failure to prosecute and comply with the Court's procedural rules have caused a significant delay. Defendants have now made five unsuccessful attempts to depose Plaintiff. McMahon Decl. at ¶¶ 8-9 & 16. Defendants' inability to conduct a deposition clearly prejudices their ability to defend the case. Defendants are likely to be prejudiced by further delay in the proceedings, which may well affect witnesses' memories, the ability to locate witnesses, and the preservation of evidence. Moreover, the Court finds that Plaintiff was afforded proper notice of his obligation to advise the Court and counsel of his address and the consequences of his failure to comply. *See* Dkt. No. 15 at p. 25; Dkt. No. 78. Any further warnings to Plaintiff would naturally fall on deaf ears as the Court has no way of contacting him. With regard to the fourth factor, under the circumstances, the need to alleviate congestion on the Court's docket outweighs Plaintiff's right to receive a further chance to be heard in this case and weighs in favor of the dismissal of this action. Lastly, the Court has carefully considered sanctions less drastic than dismissal. Without the ability to communicate with Plaintiff, however, there is no meaningful way to procure his "reappearance" to actively prosecute this action. Moreover, simply waiting for him to comply with his obligations has not been, and is not likely to be, fruitful, since he has failed to do so for some months now.

In sum, in light of the fact that Plaintiff cannot be located or communicated with at his address of record and given his failure to comply with his obligation to advise the

Court and counsel of any change in his address, I recommend that this action be dismissed.

## II.  CONCLUSION

For the reasons stated herein, it is hereby

**RECOMMENDED**, that Defendants' Motion to Dismiss (Dkt. No. 81) be **GRANTED**; and it is

**ORDERED**, that the Clerk of the Court serve a copy of this Report-Recommendation and Order upon the parties to this action.  The Report-Recommendation shall be served upon Plaintiff at his last known address.

Pursuant to 28 U.S.C. § 636(b)(1), the parties have fourteen (14) days within which to file written objections to the foregoing report.  Such objections shall be filed with the Clerk of the Court.  **FAILURE TO OBJECT TO THIS REPORT WITHIN FOURTEEN (14) DAYS**[1] **WILL PRECLUDE APPELLATE REVIEW.**  *Roldan v. Racette*, 984 F.2d 85, 89 (2d Cir. 1993) (citing *Small v. Sec'y of Health and Human Servs.*, 892 F.2d 15 (2d Cir. 1989)); *see also* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72 & 6(a).

Date: February 12, 2020
      Albany, New York

Daniel J. Stewart
U.S. Magistrate Judge

---

1 If you are proceeding *pro se* and are served with this Report-Recommendation and Order by mail, three additional days will be added to the fourteen-day period, meaning that you have seventeen days from the date the Report-Recommendation and Order was mailed to you to serve and file objections.  FED. R. CIV. P. 6(d).  If the last day of that prescribed period falls on a Saturday, Sunday, or legal holiday, then the deadline is extended until the end of the next day that is not a Saturday, Sunday, or legal holiday.  FED. R. CIV. P. 6(a)(1)(C).